IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

KEVIN LEVONN KENNEY,

    Plaintiff,

  v.                                    No. CV 14-0315 JH/WPL

JASON BROWN,
ESTHER GARCIA,
RAMON C. RUSTIN,
TOM ZDUNEK,
THOMAS E. SWISSTACK,
STATE OF NEW MEXICO,
MATTHIAS SWONGER,
JEFF RAIM,
JORGE ALVARADO,
COUNTY OF BERNALILLO,
METROPOLITAN DETENTION CENTER,
DAN HUSTON,
GARY L. BOWMAN,
ADELE TOSCONI,
CITY OF ALBUQUERQUE,
ALBUQUERQUE POLICE DEPARTMENT,
KARI E. BRANDENBURG,
ALFRED QUINTANA,

    Defendants.

MEMORANDUM OPINION AND ORDER

    This matter is before the Court, *sua sponte* under 28 U.S.C. § 1915(e)(2) and rule 12(b)(6) of the Federal Rules of Civil Procedure, on Plaintiff's Civil Rights Complaint and amended/supplemental pleadings (Docs. 12, 35, 36, 40, 41, 42, and 43) (hereinafter together the "complaint"). Plaintiff is incarcerated, appears pro se, and is proceeding in forma pauperis. For reasons set out below, the complaint will be dismissed.

    The Court has the discretion to dismiss an in forma pauperis complaint *sua sponte* under

§ 1915(e)(2) "at any time if . . . the action . . . is frivolous or malicious; [or] fails to state a claim on which relief may be granted." The Court also may dismiss a complaint *sua sponte* under rule 12(b)(6) of the Federal Rules of Civil Procedure for failure to state a claim if "it is 'patently obvious' that the plaintiff could not prevail on the facts alleged, and allowing him an opportunity to amend his complaint would be futile." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991) (quoting *McKinney v. Oklahoma, Dep't of Human Services*, 925 F.2d 363, 365 (10th Cir. 1991)). A plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). In reviewing Plaintiff's pro se complaint, the Court applies the same legal standards applicable to pleadings drafted by counsel but liberally construes the allegations. *See Northington v. Jackson*, 973 F.2d 1518, 1520-21 (10th Cir. 1992).

As noted above, Plaintiff has filed a number of pleadings, some of which are duplicative. In summary of the various pleadings, Plaintiff asserts that he was wrongfully arrested and detained; subjected to malicious prosecution; denied a furlough from the detention facility; illegally transferred to an out-of-state facility; and denied access to the courts. He contends that Defendants' actions violated a number of his constitutional protections, and he seeks damages.

Plaintiff first asserts (Docs. 1, 35, 36, 40, 43) that he was seized and arrested without probable cause. He alleges that, as he was sitting in his car talking on his cell phone in a Wal-Mart parking lot, Defendants Brown and Garcia questioned him briefly and let him go. Defendants then stopped and arrested Plaintiff shortly after he drove away from the premises. He was subsequently indicted and arraigned on charges resulting from the arrest. Plaintiff does not assert that the charges were dismissed, and he remains incarcerated. He contends that the arresting officers violated his Fourth Amendment rights, and that the resulting prosecution was malicious.

Plaintiff's allegations do not support claims of a Fourth Amendment violation or malicious prosecution. As to the traffic stop, Plaintiff acknowledges (Doc. 43) that the Defendant police officers observed him driving up onto a sidewalk and coming to rest against retaining barriers on an interstate on-ramp. These driving infractions clearly amounted to probable cause to detain and arrest Plaintiff. *See, e.g., Wilder v. Turner*, 490 F.3d 810, 815 (10th Cir. 2007); *United States v. Arjon*, 573 F. App'x 683, 688-89 (10th Cir. 2014). Furthermore, his claim of malicious prosecution is not supported by an allegation or evidence of a favorable outcome in the state criminal proceeding. *See, e.g.*, *Mondragón v. Thompson*, 519 F.3d 1078, 1082-83 (10th Cir. 2008); *Roth v. Green*, 466 F.3d 1179, 1189-90 (10th Cir. 2006). Because Plaintiff's complaint does not contain sufficient allegations to support his claims of illegal seizure and malicious prosecution, the Court will dismiss Plaintiff's claims against Defendants Brown, Garcia, Brandenburg, and Quintana.

While Plaintiff was detained in the Bernalillo County Metropolitan Detention Center, he filed a motion in state court to order a furlough allowing him to visit a dying parent (Doc. 1). The court denied the motion. Plaintiff argues that this denial violated an unspecified constitutional right, presumably under the Eighth Amendment. *See Lucero v. LeMaster*, 56 F. App'x 915, 915 (10th Cir. 2003). No relief is available on this claim, because the judge (also unidentified) who denied the motion is absolutely immune to § 1983 claims for acts committed within the apparent scope of his or her judicial duties. *See Wiggins v. N.M. State Supreme Court Clerk*, 664 F.2d 812, 814-15 (10th Cir. 1981). Plaintiff's claim for denial of furlough will be dismissed.

Also during his detention, Plaintiff alleges he was illegally transferred to a Texas facility for a few months as part of the County's attempt to reduce overcrowding (Docs. 1, 40). This claim appears to be directed against Defendant Rustin, Zdunek, and Swisstack, although the

allegations of illegal transfer do not support a constitutional claim. "[S]tate and federal prisoners generally enjoy no constitutional right to placement in any particular penal institution." *Prows v. Federal Bureau of Prisons*, 981 F.2d 466, 468 n. 3 (10th Cir. 1992); *quoted in Cabrera v. Trammell*, 488 F. App'x 294, 295 (10th Cir. 2012). Absent some prohibited reason for the transfer, such as discrimination or retaliation for the exercise of a constitutional right, the transfer itself cannot be challenged. *See Prows*, 981 F.2d at 468 n. 3*; Frazier v. Dubois*, 922 F.2d 560, 561-62 (10th Cir. 1990). No discrimination or retaliation is alleged as a basis of the decision to transfer Plaintiff, and his claims of illegal transfer will be dismissed.

No relief is available on Plaintiff's allegations against his state public defender (Doc. 12). He alleges that Defendant Swonger contacted detention center staff and requested that they deny Plaintiff's requests to copy documents, violating his right of access to the courts. A complaint under § 1983 must allege facts demonstrating that the plaintiff's federal rights were violated and that the deprivation was caused by a person acting "under color of state law." *See Gomez v. Toledo*, 446 U.S. 635, 640 (1980); *Houston v. Reich*, 932 F.2d 883, 890 (10th Cir. 1991). In the absence of a factual basis for either element a complaint does not state a claim under § 1983. *See, e.g., West v. Atkins*, 487 U.S. 42, 48 (1988) ("To state a claim under § 1983, a plaintiff . . . must show that the alleged deprivation was committed by a person acting under color of state law."). Here, case law is clear that absent a conspiracy a public defender undertaking a defense does not act under color of state law for purposes of § 1983. *See Polk County v. Dodson*, 454 U.S. 312, 325 (1981); *Harris v. Champion*, 51 F.3d 901, 909-10 (10th Cir. 1995). The Court will dismiss Plaintiff's claim against Defendant Swonger for failure to state a claim.

Last, Plaintiff names a number of other individual and entity Defendants but makes no allegations against them. Claims against these Defendants, and the complaint in its entirety, will

be dismissed.

IT IS THEREFORE ORDERED that Plaintiff's Civil Rights Complaint and his amended/supplemental pleadings (Docs. 12, 35, 36, 40, 41, 42, and 43) are DISMISSED with prejudice; pending motions are DENIED as moot; and judgment will be entered.

_____
UNITED STATES DISTRICT JUDGE